IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MINAL ASHOKKUMAR PATEL and DILIPKUMAR SITARAMGHAI PATEL, individually and on behalf of I.P., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL UTAH CLINIC, P.C. DBA REVERE HEALTH; KANE COUNTY HUMAN RESOURCES SPECIAL SERVICE DISTRICT DBA KANE COUNTY HOSPITAL; REVERE HEALTH DBA KANAB FAMILY MEDICINE; JONATHAN BOWMAN, M.D.; and DARIN OTT, D.O.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING KANE COUNTY HUMAN RESOURCES SPECIAL SERVICE DISTRICT'S MOTION TO DISMISS<br><br>Case No. 2:19-CV-542-TS-PMW<br><br>District Judge Ted Stewart |

This matter is before the Court on a Motion to Dismiss ("Motion") by Defendant Kane County Human Resources Special Service District ("Kane County"). For the reasons discussed below, the Court will deny Kane County's Motion.

I. BACKGROUND

This factual background is taken from the Amended Complaint and favors Plaintiffs, the nonmoving parties.[1] On January 25, 2013, Plaintiff Minal Patel ("Ms. Patel") arrived at the Kane County Hospital for delivery of her baby, I.P.[2] Ms. Patel had a mild case of gestational diabetes that made her pregnancy high risk.[3] Defendant, Dr. Bowman admitted Ms. Patel and monitored her and the baby's condition.[4] Throughout labor, the baby's fetal heart rate dipped and

---

[1] *See Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006).
[2] Docket No. 14 ¶ 19.
[3] *Id.* ¶ 20.
[4] *Id.* ¶¶ 21, 25–27.

recovered several times before Ms. Patel's cervix was sufficiently dilated to deliver the baby.[5] When Ms. Patel's cervix was fully dilated the baby's health was poor, but Dr. Bowman did not order a caesarian-section ("c-section") delivery.[6] Instead, Dr. Bowman instructed Ms. Patel to push with each contraction, and the baby's fetal heart rate consistently indicated that the baby was experiencing severe distress.[7] For approximately two hours, Dr. Bowman attempted to deliver the baby but was unsuccessful and ordered a surgical team to assemble for an emergency c-section.[8] Kane County did not have the necessary surgical team at the hospital to perform the emergency c-section, and it took approximately 40 minutes to assemble a team and prepare for surgery.[9] Six minutes into surgery, I.P. was delivered but was born with severe hypoxemia.[10] I.P. was immediately transferred to Dixie Regional Medical Center where—despite appropriate remedial measures—he was diagnosed with hypoxic ischemic encephalopathy and suffers from cerebral palsy.[11]

The Patels allege that Kane County breached the applicable standard of care in its treatment of Ms. Patel and I.P.[12] The Patels further allege loss of consortium due to their child's significant permanent injury.[13] Kane County moves to dismiss only the Patels' claims and does not move to dismiss I.P.'s claim.[14]

---

[5] *See id.* ¶¶ 29–33.
[6] *Id.* ¶ 34.
[7] *Id.* ¶ 36.
[8] *Id.* ¶ 40.
[9] *Id.* ¶¶ 42–43.
[10] *See id.* ¶ 46.
[11] *Id.* ¶ 47–48.
[12] *Id.* ¶¶ 49–54.
[13] *Id.* ¶¶ 56–60.
[14] *See* Docket No. 26, at 1.

# I. MOTION TO DISMISS STANDARD

Kane County moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Kane County argues that because the Patels did not properly serve a notice of claim on Kane County within the one-year time period required by the Utah Governmental Immunity Act ("UGIA"), this Court lacks subject matter jurisdiction.[15] This is legally incorrect because this Court's jurisdiction is not determined by state law. At most, a state statute can bar a federal court from granting the plaintiff relief.[16] Thus, the Court will analyze Kane County's Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

It is well-settled that "the judicial power of the United States is created by the Constitution and provided by Congress pursuant to its constitutional authority. The exertion of that power may not be abridged, limited, or rendered inefficacious by action of the several states."[17] Accordingly, "[o]nly Congress, not a state legislature, can constitutionally "divest" a federal court of its subject matter jurisdiction."[18] Thus, this Court "must look only to federal, not state law to determine whether that jurisdiction exists, even when the substantive right at issue is a creature of state law."[19]

---

[15] *See id.* at 2.
[16] *Webb v. Tom Brown, Inc.*, 807 F.2d 783, 784–85 (9th Cir. 1987).
[17] *Stewart v. Ferer*, 163 F.2d 183, 185 (10th Cir. 1947); *accord Chi. & N.W.R. Co. v. Whitton*, 80 U.S. 270, 286 (1871) ("Whenever a general rule as to property or personal rights, or injuries to either, is established by State legislation, its enforcement by a Federal court in a case between proper parties is a matter of course, and the jurisdiction of the court, in such case, is not subject to State limitation.").
[18] *Webb,* 807 F.2d at 784; *accord MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1109 (3rd Cir. 1995) (collecting cases).
[19] *MCI Telecomms. Corp.*, 71 F.3d at 1109; *Duchek v. Jacobi*, 646 F.2d 415, 419 (9th Cir. 1981) ("In determining jurisdiction, district courts of the United States must look to the sources of their

Contrary to Kane County's arguments, UGIA does not dictate this Court's subject matter jurisdiction. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and Plaintiffs have plausibly pled that the amount in controversy exceeds $75,000. This Court, therefore, finds that it has subject matter jurisdiction, converts Kane County's 12(b)(1) Motion into a 12(b)(6) Motion, and applies that analysis.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[20] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[21] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[22] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[23]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[24] A district court not only considers

---

power, Article III of the United States Constitution and Congressional statutory grants of jurisdiction, not to the acts of state legislatures."); *Markham v. City of Newport News*, 292 F.2d 711, 713 (4th Cir. 1961) ("In determining its own jurisdiction, a District Court of the United States must look to the sources of its power and not to acts of states which have no power to enlarge or to contract the federal jurisdiction.").

[20] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).
[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[23] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).
[24] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

the complaint, "but also the attached exhibits,"[25] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[26] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[27]

Finally, "[a] complaint need not anticipate any affirmative defenses that may be raised by the defendant . . . [and] it is the defendant's burden to plead an affirmative defense."[28] When a defendant raises an affirmative defense in a 12(b)(6) motion, the Court may not grant the motion unless "the defense appears plainly on the face of the complaint itself . . . ."[29]

## II. DISCUSSION

Kane County argues that the Patels' claims should be dismissed because the Patels did not file a notice of claim within the one-year time period required by UGIA.[30] In response, the Patels argue that they properly filed their proof of claim within one-year after discovering their claims.[31] To determine whether the Patels' claims are barred by UGIA, the Court must determine when the Patels discovered (or should have discovered) their negligent health care malpractice and loss of consortium claims. Once that is determined, the Court may conclude whether the Patels' proof of claim was proper under UGIA. The Court, however, recognizes that at this stage in the proceedings any UGIA defect must appear "plainly on the face of the

---

[25] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).
[26] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).
[27] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).
[28] *Bistine v. Parker*, 918 F.3d 849, 876 (10th Cir. 2019).
[29] *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965).
[30] *See* Docket No. 26, at 2.
[31] *See* Docket No. 30, at 2.

complaint itself,"[32] and the Patels "need not anticipate any affirmative defenses that may be raised by the defendant . . . ."[33]  Also, "determining whether and when an injured patient discovered or should have discovered her legal injury is a fact-intensive question . . . ."[34]

UGIA governs claims against governmental entities and requires claimants intending to sue those entities to serve a notice of claim on certain government personnel.[35]  Utah courts have unequivocally expressed that UGIA's requirements must be "strictly followed."[36]  A claim against a governmental entity is "barred" unless a notice of claim is served "within one year after the claim arises."[37]  A claim arises "when the statute of limitations that would apply if the claim were against a private person begins to run."[38]  "The statute of limitations does not begin to run until a claimant knew, or with reasonable diligence should have known . . . that the claimant had a claim against the governmental entity or the governmental entity's employee . . . ."[39]  Finally, a claimant has "discovered her injury only when she has discovered her legal injury—that is, both the fact of injury *and* that it resulted from negligence."[40]

To make a case for medical malpractice, a claimant must prove: "(1) the standard of care required of health care providers under the circumstances; (2) breach of that standard by the

---

[32] *Miller*, 345 F.2d at 893; *see also Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) (explaining that granting a motion to dismiss based on an affirmative defense should only be done when "the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements").
[33] *Bistine*, 918 F.3d at 876.
[34] *Arnold v. Grigsby*, 289 P.3d 449, 453 (Utah 2012).
[35] *See* Utah Code Ann. §§ 63G-7-101(2)(b), 63G-7-401(3)(b)(ii).
[36] *See, e.g.*, *Hall v. Utah State Dep't of Corrs.*, 24 P.3d 958, 965 (Utah 2001); *Yearsley v. Jensen*, 798 P.2d 1127, 1128 (Utah 1990) (concluding that a notice of claim filed one day late barred the plaintiff's claim).
[37] Utah Code Ann. § 63G-7-402; *Busch v. Salt Lake Int'l Airport*, 921 P.2d 470, 471 (Utah Ct. App. 1996).
[38] Utah Code Ann. § 63G-7-401(1)(a).
[39] *Id.* § 63G-7-401(1)(b)(i).
[40] *Arnold,* 289 P.3d at 454 (internal quotation marks and citations omitted).

defendant; (3) injury proximately caused by the breach; and (4) damages."[41] A loss of consortium claim is "derivative from the cause of action existing in behalf of the injured person" and are "based on the recognition of a legally protected interest in personal relationships."[42]

Here, the parties do not dispute that the Patels filed their notice of claim on December 17, 2018. The parties, however, dispute the dates the Patels' legal claim arose and when the notice of claim period expired. Kane County argues that "the notice of claim period[] began running no later than January 26, 2013," because that was the date the child was delivered and shortly thereafter diagnosed with hypoxic ischemic encephalopathy.[43] Therefore, Kane County argues that the Patels' 2018 claim notice is untimely. In response, the Patels argue that although the baby was delivered on January 26, 2013 they did not "know that I.P.'s damages were a result of negligence" until 2018 and therefore timely filed their notice of claim in December 2018.[44]

The Amended Complaint is imprecise about when Ms. Patel discovered her negligence claim and when the Patels discovered their loss of consortium claim. At most, the Amended Complaint alleges that on January 26, 2013, Kane County owed the Patels a duty of care and breached that duty during their son's birth. The Complaint, however, does not discuss when the Patels discovered I.P.'s injuries, or when they discovered that I.P.'s injuries resulted from the alleged negligence. It would be improper for the Court at this stage to speculate about when the Patels discovered their claims because that determination is a "fact-intensive question that requires a jury to consider 'whether the actions taken in response to an injury and the efforts

---

[41] *Lane v. Provo Rehab. & Nursing*, 414 P.3d 991, 1000 (Utah Ct. App. 2018) (internal quotation marks and citations omitted).
[42] *Benda v. Roman Catholic Bishop of Salt Lake City*, 384 P.3d 207, 210, 213 (Utah 2016) (internal quotation marks and citations omitted).
[43] *See* Docket No. 26, at 5.
[44] *See* Docket No. 30, at 5.

extended to discover its cause were adequate.'"[45] Based on the pleadings, it is unclear when the Patels discovered their claims, and therefore the Court will deny the Motion.

III. CONCLUSION

It is therefore

ORDERED that Kane County's Motion to Dismiss (Docket No. 26) is DENIED.

DATED November 5, 2019.

BY THE COURT:

Ted Stewart
United States District Judge

---

[45] *Arnold*, 289 P.3d at 453 (quoting *Daniels v. Gamma West Brachytherapy, LLC*, 221 P.3d 256, 266 (Utah 2009)).