IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MINAL ASHOKKUMAR PATEL and DILIPKUMAR SITARAMGHAI PATEL, individually and on behalf of I.P., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL UTAH CLINIC, P.C. DBA REVERE HEALTH; KANE COUNTY HUMAN RESOURCES SPECIAL SERVICE DISTRICT DBA KANE COUNTY HOSPITAL; REVERE HEALTH DBA KANAB FAMILY MEDICINE; JONATHAN BOWMAN, M.D.; and DARIN OTT, D.O.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING KANE COUNTY HUMAN RESOURCES SPECIAL SERVICE DISTRICT'S MOTION TO RECONSIDER<br><br><br>Case No. 2:19-CV-542-TS-PMW<br><br>District Judge Ted Stewart |

This matter is before the Court on a Motion to Reconsider by Defendant Kane County Human Resources Special Service District DBA Kane County Hospital ("Kane County"). For the reasons discussed below, the Court will deny Kane County's Motion.

I. BACKGROUND

On September 30, 2019, Kane County filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss").[1] On October 14, 2019, the Patels filed their Memorandum in Opposition to Kane County's Motion to Dismiss ("Opposition").[2] Kane County did not file a Reply Memorandum to Plaintiff's Opposition. The Court carefully reviewed the parties' filings and on November 5, 2019, issued a Memorandum Decision and

---

[1] *See* Docket No. 26.
[2] *See* Docket No. 30.

Order Denying Kane County's Motion to Dismiss.[3] Neither party filed a motion for extension of time regarding any briefing related to Kane County's Motion to Dismiss.

## II. DISCUSSION

"[T]he Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration.'"[4] However, "a district court always has the inherent power to reconsider its interlocutory rulings" and is encouraged "to do so where error is apparent."[5] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[6]

Kane County argues that the Court should reconsider its Order denying Kane County's Motion to Dismiss to prevent a manifest injustice.[7] The Motion, citing *Black's Law Dictionary*, defines "manifest injustice" as "[a] direct, obvious, and observable error in a trial court . . . ."[8] Interestingly, Kane County makes no argument about how the Court made a direct, obvious, or observable error in denying its Motion to Dismiss. Instead, Kane County argues that "[u]nder Rule 7(e) of the Utah Rules of Civil Procedure, Kane County has the right to file a reply memorandum . . . ."[9] The Utah Rules of Civil Procedure are inapplicable in this Court because the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts . . . ."[10] The Federal Rules of Civil Procedure are silent

---

[3] *See* Docket No. 36.
[4] *Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1243 (10th Cir. 2007).
[5] *Id.*
[6] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).
[7] *See* Docket No. 37, at 3.
[8] *See id.* (quoting *Manifest Injustice*, Black's Law Dictionary (10th ed. 2014)).
[9] *See* Docket No. 37, at 3.
[10] FED. R. CIV. P. 1.

regarding a party's right to file a reply memorandum to an opposition. The Court's local rules, however, do permit a party, at its discretion, to file a reply memorandum opposing an opposition "within fourteen (14) days after service of the opposing memorandum."[11] The Court's filling time rules are extendable only if a party files a motion for a time extension.[12]

Here, the Patels filed their Opposition on October 14, 2019. Under the local rules, Kane County had until October 28, 2019, to file a motion for extension of time or a reply memorandum opposing the Opposition, but it made no such filing. The Court did not rule on Kane County's Motion to Dismiss until November 5, 2019; eight days after Kane County's reply memorandum was due. Kane County is correct that it had the option "to file a reply memorandum . . . and properly brief the Court on the relief requested,"[13] but the Court finds that it waived that ability by not complying with the filing times set forth in the local rules.

That said, this Court has discretion to grant an after-the-fact extension request if Kane County can show "excusable neglect."[14] The Tenth Circuit usually evaluates four so-called "Pioneer factors" in making this determination.[15] Admittedly, three of those four factors here support a finding of excusable neglect. First, Plaintiffs are not prejudiced by the delay, as they allegedly consented to the extension. Second, the length of the delay is not prejudicial,

---

[11] *See* DUCivR 7-1(b)(3)(A).
[12] *See* DUCivR 83-6 ("No stipulation between the parties . . . affecting the course or conduct of any civil proceeding will be effective until approved by the court."); *see also Reyna v. Am. Mach. & Foundry Co.*, No. 2:08-CV-297-TS, 2009 U.S. Dist. LEXIS 66057 (D. Utah July 30, 2009) (rejecting plaintiff's argument to set aside a judgment because although the parties agreed to an extension of time they did not make the extension known to the Court).
[13] Docket No. 37, at 3.
[14] *See* FED. R. CIV. P. 6(b)(1)(B).
[15] *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)).

especially given the early stage of this case. Third, the Patels do not allege that Kane County has acted in bad faith.

The remaining factor—the reason for the delay—is the most important and here, this factor favors the Court's decision to deny the Motion.[16] Kane County's reason for delay is that counsel for Kane County and the Patels mutually agreed to extend Kane County's filing deadline but did not make this known to the Court.[17] As previously discussed, an "extension" that is not approved by the Court is of no effect.[18] Further, "carelessness by a litigant or [its] counsel does not afford a basis for relief . . . ."[19] The Court concludes that Kane County's reason for delay is insufficient to grant an after-the-fact extension. The Court also advises Kane County's counsel to review the Federal Rules of Civil Procedure and this Court's local rules to ensure future compliance.

III. CONCLUSION

It is therefore

ORDERED that Kane County's Motion to Reconsider (Docket No. 37) is DENIED.

DATED November 18, 2019.

BY THE COURT:

Ted Stewart
United States District Judge

---

[16] *See United Sates v. Torres*, 372 F.3d 1159, 1164 (10th Cir. 2004).
[17] *See* Docket No. 37, at 3.
[18] DUCivR 83-6; *see also Timothy v. Aqua Finance, Inc.*, 2:06-CV-921-TS-PMW, 2007 WL 4299808, at *2 (D. Utah Dec. 5, 2007) (concluding that an agreement by the parties to an extension is ineffective unless it is approved by the Court).
[19] *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).