IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MINAL ASHOKKUMAR PATEL and DILIPKUMAR SITARAMBHAI PATEL, individually and on behalf of I.P., a minor<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL UTAH CLINIC, P.C. dba REVERE HEALTH; KANE COUNTY HUMAN RESOURCES SPECIAL SERVICE DISTRICT dba KANE COUNTY HOSPITAL; REVERE HEALTH dba KANAB FAMILY MEDICINE; JONATHAN BOWMAN, M.D.; and DARIN OTT, D.O.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT DARIN OTT, D.O.'s MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:19-cv-00542-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Darin Ott, D.O.'s ("Dr. Ott") Motion for Summary Judgment ("Motion"). For the reasons discussed below, the Court grants the Motion.

## I.  BACKGROUND

This is a medical malpractice case against several entities and doctors, including Dr. Ott. According to Plaintiffs Minal Patel ("Ms. Patel") and Dilip Patel ("Mr. Patel," and together, the "Patels"), they presented to the Kane County Hospital to deliver their baby, I.P., on January 25, 2013.[1] Dr. Bowman, Ms. Patel's doctor, admitted her for a scheduled delivery.[2] During labor, the baby's heart rate dropped and recovered several times, allegedly indicating the baby was in

---

[1] Docket No. 14 ¶ 19.

[2] *Id.* ¶ 21.

significant distress.[3] After some time, Dr. Bowman consulted with Dr. Ott and ordered an emergency cesarean section.[4] I.P. was born suffering from hypoxemia and was transferred to Dixie Regional Medical Center for additional treatment.[5] I.P.'s care providers have diagnosed him with hypoxic ischemic encephalopathy and cerebral palsy.[6] On September 10, 2019, the Patels filed an Amended Complaint on behalf of themselves and I.P. alleging a medical malpractice claim and a loss of filial consortium claim against all Defendants, including Dr. Ott.[7]

Dr. Ott filed this Motion on August 17, 2020, asking the Court to dismiss him from the case.[8] Dr. Ott explains he was not involved in the delivery until he was called to assist with the emergency C-section,[9] and he did not participate in the care or treatment of I.P. after the birth.[10] Dr. Ott also asserts that "[n]o expert testimony has been offered supporting Plaintiff's allegation that Dr. Ott breached the standard of care in his limited window of care and treatment."[11] The Patels did not file a response to Dr. Ott's Motion, and the time for doing so has expired.[12]

## II.    STANDARD OF REVIEW

"[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the

---

[3] *Id.* ¶¶ 29–36.

[4] *Id.* ¶ 40.

[5] *Id.* ¶¶ 46–47.

[6] *Id.* ¶ 48.

[7] *See generally* Docket No. 14.

[8] Docket No. 58, at 2.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *See* DUCivR 7-1(b)(3)(A).

additional determination that judgment for the moving party is 'appropriate' under Rule 56."[13] Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[14] The moving party bears the burden of showing that there is no genuine dispute of material fact.[15] "When, as in this case, the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy this burden by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'"[16] And "once the movant points out an absence of proof on an essential element of the nonmovant's case, the burden shifts to the nonmovant to provide evidence to the contrary."[17]

## III.    ANALYSIS

The Court must determine whether summary judgment is appropriate on the medical malpractice claim and the loss of filial consortium claim against Dr. Ott. First, in Utah a medical malpractice claim requires the claimant to prove "(1) the standard of care required of physicians under similar circumstances practicing in the same field or specialty, (2) that the applicable standard of care was breached, (3) that the injury to the plaintiff was proximately caused by the defendant's negligence, and (4) that damages occurred as a result of defendant's breach of duty."[18] Utah law generally requires the claimant to produce an expert witness to establish the

---

[13] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

[14] Fed. R. Civ. P. 56(a).

[15] *Ortiz v. Norton*, 254 F.3d 889, 893 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[16] *Id.* (quoting *Adler*, 144 F.3d at 671); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[17] *Hall v. Bellmon*, 935 F.2d 1106, 1111 n. 5 (10th Cir. 1991) (citing *Celotex*, 477 U.S. at 322–23).

[18] *Dalley v. Utah Valley Reg'l Med. Ctr.*, 791 P.2d 193, 195 (Utah 1990) (citations omitted).

first three elements of a medical malpractice claim.[19] Summary judgment is appropriate when the plaintiff does not have expert testimony showing there is an issue of fact regarding negligence or proximate cause.[20] Dr. Ott states the Patels do not have any expert testimony supporting their claim that he breached the standard of care, and the Patels did not provide the Court with expert testimony. Thus, Dr. Ott is entitled to summary judgment on the medical malpractice claim.

Dr. Ott did not address the loss of filial consortium claim in his Motion, but the Federal Rules of Civil Procedure permit the Court to grant a motion for summary judgment on grounds that were not raised by the movant.[21] In Utah, a claim for loss of filial consortium "is 'derivative from the cause of action existing in behalf of the injured person.'"[22] Because Dr. Ott is entitled to summary judgment in his favor on the medical malpractice claim, Dr. Ott is also entitled to summary judgment on the claim for loss of filial consortium.

## IV.    CONCLUSION

It is therefore

ORDERED that Defendant Darin Ott, D.O.'s Motion for Summary Judgment (Docket No. 58) is GRANTED.

DATED October 20, 2020.

BY THE COURT:

---

[19] *Id.* at 195–96.

[20] *See De Adder v. Intermountain Healthcare, Inc.*, 2013 UT App 173, ¶ 10.

[21] Fed. R. Civ. P. 56(f).

[22] *Benda v. Roman Catholic Bishop of Salt Lake City*, 2016 UT 37, ¶ 20 (quoting Utah Code Ann. § 30-2-11(5)).

_

_____
TED STEWART
United States District Judge