# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **MINAL ASHOKKUMAR PATEL and DILIPKUMAR SITARAMGHAI PATEL, individually and on behalf of I.P., a minor,**<br><br>Plaintiffs,<br><br>v.<br><br>**CENTRAL UTAH CLINIC, P.C. dba REVERE HEALTH; et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:19-cv-00542-TS-JCB**<br><br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court are (1) Defendant Kane County Human Resources Special Service District dba Kane County Hospital's ("Kane County") Motion for Rule 35 Examination of Plaintiff I.P.;[3] and (2) Defendant Jonathan Bowman, M.D.'s ("Dr. Bowman") Motion for Rule 35 Examination of Plaintiff I.P.[4] The court held oral argument on

---

[1] ECF No. 3.

[2] ECF No. 50.

[3] ECF No. 66

[4] ECF No. 68.

the motions on November 30, 2020.[5]  Plaintiffs Minal Ashokkumar Patel ("Ms. Patel") and Dilipkumar Sitaramghai Patel, individually and on behalf of I.P., a minor (collectively, "Plaintiffs"), were represented by G. Eric Nielson and Mark W. Dahl.  Kane County was represented by Derek J. Williams.  Dr. Bowman was represented by Matthew B. Purcell.  Although not parties to the motions, Defendants Central Utah Clinic, P.C., dba Revere Health and Revere Health dba Kanab Family Medicine were represented by Chelsey E. Phippen.

After hearing argument from Kane County, Dr. Bowman, and Plaintiffs, the court granted Kane County's and Dr. Bowman's motions.  This Memorandum Decision and Order memorializes those rulings.

## LEGAL STANDARDS

Kane County and Dr. Bowman move the court for an order requiring I.P. to submit to examinations under to Fed. R. Civ. P. 35 ("Examinations").  In relevant part, Rule 35 provides:

(a) Order for an Examination.

> (1) *In General*.  The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.  The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
>
> (2) *Motion and Notice; Contents of the Order*.  The order:
>
>> (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

---

[5] ECF No. 75.

>> (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a)(1)-(2).

Thus, the court must determine whether: (1) I.P.'s mental or physical condition is in controversy; (2) the examiners are suitably licensed or certified; (3) good cause exists to order the Examinations; and (4) there has been notice to all parties and the person to be examined. Additionally, the court's order must specify the following information for the Examinations: (5) time and place; (6) manner and scope; (7) conditions; and (8) the persons who will perform them.

## ORDER

For the reasons stated on the record during oral argument, and for the reasons set forth below, IT IS HEREBY ORDERED that Kane County's and Dr. Bowman's motions are GRANTED.

IT IS FURTHER ORDERED:

1. Because Plaintiffs concede that the in-controversy requirement is satisfied, and because Plaintiffs' amended complaint puts I.P.'s mental and physical condition squarely at issue, the court concludes that the in-controversy requirement is satisfied. *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964).

2. Because Plaintiffs do not dispute that the examiners at issue are suitably licensed or certified, and for the reasons set forth in Kane County's and Dr. Bowman's motions, the court concludes that both examiners are qualified to perform the Examinations.

3. Plaintiffs concede that good cause exists to order the Examinations. Further, based upon consideration of the relevant factors, *Riel v. Ayers*, No. CIV S-01-0507 LKK KJM, 2010 WL 1980251, at *2-7 (E.D. Cal. May 17, 2010), *modified on reconsideration*, No. CIV S-01-0507 LKK/KJM, 2010 WL 3835798 (E.D. Cal. Sept. 30, 2010), the court concludes that good cause exists to order the Examinations. This is especially true where, as here, Plaintiffs are considering a life-care plan well over $1 million.

4. There has been notice to all parties and the person to be examined.

5. The parties have stipulated to the time and place of the Examinations.

6. The manner and scope of the Examinations must comply with generally accepted and standard practices for such examinations

7. The conditions of the Examinations are as follows:

   a. Pursuant to the stipulation of the parties, the Examinations must be video recorded, and all future examinations of I.P. conducted by any party in this case must likewise be video recorded.

   b. Unless Plaintiffs insist on a particular videographer, Kane County and Dr. Bowman must pay for the costs of video recording the respective Examinations.

   c. The videographer of the Examinations must be a party who is not affiliated with any party to or counsel in this litigation.

   d. I.P.'s mother, Ms. Patel, must attend the Examinations.

   e. An interpreter must attend the Examinations, either in person or via electronic means.

   f. Kane County and Dr. Bowman must pay for the costs of the interpreter's services for the respective Examinations.

   g. If Plaintiffs require the interpreter to attend the Examinations in person, Plaintiffs must pay for the interpreter's travel expenses.

8. The following persons will perform the Examinations:

   a. Harry Webster, M.D. will perform Kane County's examination.

   b. Patrick Mabray, M.D., Ph.D. will perform Dr. Bowman's examination.

IT IS SO ORDERED.

DATED December 7, 2020.

                BY THE COURT:

                JARED C. BENNETT
                United States Magistrate Judge