# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **MINAL ASHOKKUMAR PATEL and DILIPKUMAR SITARAMBHAI PATEL, individually and on behalf of I.P., a minor,**<br><br>Plaintiffs,<br><br>v.<br><br>**CENTRAL UTAH CLINIC, P.C. dba REVERE HEALTH; et al.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:19-cv-00542-TS-JCB**<br><br><br>**District Judge Ted Stewart**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is the parties' joint motion to amend the scheduling order.[3] The court held oral argument on the motion on December 16, 2020.[4] Mark W. Dahl represented Minal Ashokkumar Patel ("Ms. Patel") and Dilipkumar Sitarambhai Patel, individually and on behalf of I.P., a minor (collectively, "Plaintiffs"). Derek J. Williams represented Kane County Human Resources Special Service District dba Kane County

---

[1] ECF No. 3.

[2] ECF No. 50.

[3] ECF No. 78.

[4] ECF No. 80.

Hospital.  Defendant Jonathan Bowman, M.D. was represented by Matthew B. Purcell.  Defendants Central Utah Clinic, P.C. dba Revere Health and Revere Health dba Kanab Family Medicine were represented by Chelsey E. Phippen.[5]

After hearing argument from the parties, the court took the motion under advisement.  The court has carefully considered the motion and arguments from the hearing.  Now being fully advised, the court renders the instant Memorandum Decision and Order.  Based upon the analysis set forth below, the motion is granted in part and denied in part.

## **ANALYSIS**

The parties' motion is stipulated to the extent that it seeks to extend certain deadlines in the current scheduling order.  Notwithstanding the parties' stipulation, for the reasons stated on the record during the hearing, the court will not use all of the parties' proposed deadlines but will instead set certain deadlines in accordance with those agreed upon by the parties' counsel during the hearing.  Accordingly, the parties' motion is granted in part and denied in part as it relates to the extension of certain deadlines.  The relevant deadlines will be set forth in a scheduling order, which will be entered separately from this Memorandum Decision and Order.

The court now turns to the parties' sole point of dispute with respect to the new scheduling order: the inclusion of a provision related to expert reports ("Expert Provision"), which was included in both the first scheduling order and the current scheduling order by way of the parties' stipulation.  The Expert Provision provides:

> The parties will not require expert reports to be disclosed with their disclosures.  Instead, any party opposing an expert will request a

---

[5] All named defendants will be collectively referred to as "Defendants" in this Memorandum Decision and Order.

2

> report or a deposition within seven (7) days of the expert's designation. If a report is elected, it shall be disclosed within 60 days of the election. A party shall only be required to provide either a deposition or a report. If the parties opposing an expert witness cannot agree to request a report, then the default shall be a deposition.[6]

The Expert Provision alters the standard requirements for expert reports contained in Fed. R. Civ. P. 26(a)(2)(B), which governs disclosure of expert testimony and written reports. That rule provides, in relevant part, that expert disclosures must generally "be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). However, that rule also provides that the written report requirement can be altered if it is "otherwise stipulated or ordered by the court." *Id*.

Plaintiffs acknowledge that the Expert Provision alters the general requirements of Rule 26(a)(2)(B), but they contend that the Expert Provision should remain in the new scheduling order for two main reasons. First, Plaintiffs maintain that they originally proposed the Expert Provision to Defendants to help save on litigation costs and that striking the Expert Provision now will cost them "thousands of dollars."[7] Second, Plaintiffs assert that they relied upon the Expert Provision in their initial communications with their experts by informing their experts that expert reports would not be required at the time of expert disclosures. Plaintiffs assert that imposing that requirement now "is likely to cost Plaintiffs much more than normal."[8]

---

[6] ECF No. 28 at 3; ECF No. 57 at 2.

[7] ECF No. 78 at 4.

[8] *Id*. at 5.

Defendants argue that the Expert Provision should not be included in the new scheduling order for several reasons. First, Defendants contend that Rule 26(a)(2)(B) should control because the Federal Rules of Civil Procedure apply in federal court, notwithstanding their earlier stipulation to alter the requirements of that rule. Second, Defendants assert that as depositions of key witnesses have been taken and their experts have been consulted, they have determined that they can no longer stipulate to altering the standard requirements of Rule 26(a)(2)(B). Third, Defendants argue that the expert report requirement of Rule 26(a)(2)(B) serves important purposes, including potentially obviating the need for depositions of experts and preventing surprise at trial. Finally, Defendants maintain that Plaintiffs will not be prejudiced by eliminating the Expert Provision because Plaintiffs have ample time for their experts to prepare reports.

For the reasons set forth below, the court concludes that the Expert Provision will not be included in the new scheduling order, notwithstanding the parties' prior stipulation. Instead, the expert report requirements of Rule 26(a)(2)(B) will govern expert reports in this case going forward.

When adjusting scheduling orders, Fed. R. Civ. P. 16 governs. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."[9]

---

[9] During oral argument, the court indicated that, under Tenth Circuit precedent, a stipulation could be altered only to prevent manifest injustice. *See, e.g.*, *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1188 (10th Cir. 2018); *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, 532 F.3d 1063, 1075 (10th Cir. 2008). After further review of that standard, it appears to apply only to stipulations concerning questions of law or ultimate facts. The court was unable to locate any Tenth Circuit precedent regarding a standard for altering stipulations in scheduling orders. Accordingly, the court applies the good cause standard of Rule 16(b)(4) here.

The court has broad discretion in deciding scheduling matters. *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."); *King v. PA Consulting Grp., Inc.*, 485 F.3d 577, 591 (10th Cir. 2007) ("District courts are properly granted broad discretion over discovery and scheduling matters . . . ."). Similarly, when determining whether a stipulation should be enforced, the court enjoys broad discretion. *Lincoln*, 900 F.3d at 1188 ("Ultimately, the district court is vested with broad discretion in deciding whether to enforce [the] parties['] stipulation or not." (alterations in original) (quotations and citation omitted)); *Morrison Knudsen Corp.*, 532 F.3d at 1076 ("[D]istrict courts are vested with broad discretion in determining whether to hold a party to its prior stipulation."); *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1098 (10th Cir. 1991) ("District courts . . . are vested with broad discretion in determining whether to hold a party to a stipulation or whether the interests of justice require that the stipulation be set aside.").

Under that broad discretion, and for the following reasons, the court concludes that Defendants have demonstrated good cause for altering the scheduling order to eliminate the Expert Provision. First, the court agrees with Defendants' argument that the expert report requirement of Rule 26(a)(2)(B) serves important purposes. Second, given that Plaintiffs filed this action in federal court, and, given that Defendants no longer wish to stipulate to the Expert Provision, the court concludes that Rule 26(a)(2)(B) should govern. Finally, the court concludes that Plaintiffs will not be prejudiced by eliminating the Expert Provision. Under the new scheduling order, Plaintiffs will have more than 4 months for their experts to prepare their reports. This period is beneficial to Plaintiffs who, under the Expert Provision, would have only 60 days to prepare those reports if Defendants would have opted for reports instead of a

deposition.  With respect to any costs Plaintiffs will have to incur by requiring all their experts to prepare reports, the court is not persuaded that those costs impose any undue prejudice upon Plaintiffs.  Indeed, if the Expert Provision were to remain in the new scheduling order, Defendants could request expert reports from all of Plaintiffs' experts, which would require Plaintiffs to incur the same costs as requiring expert reports at the time of expert disclosures.  The expense of taking a deposition in addition to a producing a report is negligible given that the calling party usually pays the expert's costs for a deposition,[10] which means that any expense to Plaintiffs would be limited to preparing the expert witness before a deposition if, and only if, Defendants opted to take the retained expert's deposition.  The court is not persuaded that these costs for deposition preparation—if they occur at all—are disproportional to the needs of this case, which involves a complex medical malpractice claim along with significant future damages at issue.

     For those reasons, the court concludes that the Expert Provision will be eliminated from the new scheduling order to be issued and, accordingly, the expert report requirements of Rule 26(a)(2)(B) will govern in this case going forward.  Therefore, the parties' motion is granted in part and denied in part as it relates to the Expert Provision.

---

[10] Fed. R. Civ. P. 26(b)(4)(E).

## **ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED that the parties' joint motion to amend the scheduling order[11] IS GRANTED IN PART AND DENIED IN PART. The court will issue a separate scheduling order setting forth new dates and deadlines for this case.

IT IS SO ORDERED.

DATED December 23, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[11] ECF No. 78.