IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MINAL ASHOKKUMAR PATEL and DILIPKUMAR SITARAMCHAI PATEL, individually and on behalf of I.P., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>CENTRAL UTAH CLINIC, P.C. d/b/a REVERE HEALTH, KANE COUNTY HUMAN RESOURCES SPECIAL SERVICE DISTRICT d/b/a KANE COUNTY HOSPITAL, REVERE HEALTH d/b/a KANAB FAMILY MEDICINE, and JOHNATHAN BOWMAN, M.D.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' JOINT MOTION FOR CHANGE OF LOCATION OF HOLDING COURT<br><br>Case No. 2:19-CV-542-TS-JCB<br><br>District Judge Ted Stewart |

## I.   BACKGROUND

Plaintiffs Minal Patel and Dilipkumar Patel (collectively, "Plaintiffs") bring this case on behalf of themselves and their seven-year-old child, I.P., who was born with hypoxia in Kane County, Utah. On July 30, 2019, Plaintiffs filed a complaint against Defendants Central Utah Clinic, Kane County Human Resources Special Service District, Revere Health, and Johnathan Bowman, M.D. (collectively, "Defendants") alleging medical negligence for healthcare services provided prior to and during I.P's birth. The case was assigned to the Central Division of the District of Utah.

For the past two years, the parties have litigated this action in the Central Division participating in depositions and mediations in Salt Lake City. On September 7, 2021, Defendants filed a joint motion for change of location of the holding court requesting this Court to relocate

1

the case from the Central Division to the Southern Region of the Central Division. For the following reasons, the Court denies Defendants' motion.

## II.   DISCUSSION

According to the District of Utah's Fourth Amended General Order No. 20-001, the District of Utah has two active locations for holding court: Salt Lake City and St. George.[1] Generally, Salt Lake City is the primary place of holding court for cases arising in the Northern and Central Divisions of the District of Utah, while St. George is the primary place of holding court for cases arising in the Southern Region.[2]

Defendants argue that the Court erred in assigning the case to the Central Division because the case arises from healthcare services provided in Kane County, Utah. Because Kane County is one of the counties included in the Southern Region, Defendants argue, "the case must be assigned to the Southern Region."[3] While the Court understands the potential confusion stirred from the Court's Fourth Amended General Order, Defendants' argument misunderstands how the Clerk of Court actually designates case numbers and the location of holding court.

In civil cases, the Clerk of Court assigns case numbers and locations for holding court based on three criteria provided in the JS44 Civil Cover Sheet ("Civil Cover Sheet"). The three criteria are considered in the following order:

(1) The location of the land involved in an eminent domain case;
(2) "County of Residence of First-Listed Plaintiff" if that plaintiff resides in the District of Utah; or

---

[1] Fourth Amended Gen. Order No. 20-001 (Jan. 7, 2020). *See* Third Amended Gen. Order No. 18-001 (May 9, 2018).

[2] Fourth Amended Gen. Order No. 20-001.

[3] Docket No. 96, at 3.

 (3) If the plaintiff is the United States or the first-listed plaintiff does not reside in the District of Utah, then "County of Residence of Residence of First Listed Defendant" if that defendant resides in the District of Utah.[4]

Here, the first and second criteria are inapplicable because the case does not involve eminent domain and the Plaintiffs are residents of Bristol County, Massachusetts.

The Clerk of Court correctly looked to the third criterion when it assigned the case to the Central Division. On the Civil Cover Sheet, the first listed Defendant is Central Utah Clinic with its county of residence listed as Utah County, Utah.[5] The Central Utah Clinic is a registered corporation in Utah County.[6] Because Utah County is located within the Central Division,[7] the Clerk of Court correctly assigned the case to that division.

Furthermore, even if Defendants were correct that this matter was improperly assigned to the Central Division, reassignment to the Southern Region would not serve the Fourth Amended General Order's goal to "secure the just, speedy, and inexpensive determination" of this action.[8]

The Fourth Amended General Order lists several factors the Court considered in establishing the Southern Region, including "convenience to the parties, witnesses, victims, defendants, and their families."[9] The Court is not persuaded that reassigning this case to the Southern Region would be convenient for disposition of the action. Although some Defendants

---

[4] *Designation of Case Numbers and Locations for Holding District Court*, U.S. Dist. Ct., Dist. of Utah (Feb. 14, 2018), https://www.utd.uscourts.gov/sites/utd/files/Designation%20of%20Case%20Numbers%20and%20Locations%20-%20Southern%20Region.pdf.

[5] Docket No. 2-1, at 1.

[6] Docket No. 2, at 2.

[7] Southern Region – District of Utah, U.S. Dist. Ct., Dist. of Utah https://www.utd.uscourts.gov/southern-region-district-utah (last accessed Oct. 13, 2021).

[8] Fed. R. Civ. P. 1.

[9] Fourth Amended Gen. Order No. 20-001.

reside in Kane County, for the past two years Defendants have not demonstrated any inconvenience from litigating this matter in Salt Lake City. The parties have participated in mediations and discovery in Salt Lake City and medical records have been transferred to Salt Lake County. Lastly, because Plaintiffs and their potential witnesses reside across the United States, Salt Lake City is more accessible than St. George for relevant out-of-state travel.

For the foregoing reasons, the case will remain in the Central Division.

### III.   CONCLUSION

It is therefore

ORDERED that Defendants' Joint Motion for Change of Location of Holding Court (Docket No. 96) is DENIED.

DATED this 14th day of October, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge